UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:21-cr-107-SPC-KRH

EDRICA L. WATSON

---

**OPINION AND ORDER**

Before the Court is Defendant Edrica Watson's pro se Motion for Early Termination of Supervised Release. (Doc. 68). The Government and the United States Probation Office oppose the request. (Doc. 70). For the following reasons, the Court denies the motion.

In August 2022, the Court sentenced Defendant to 15 months' imprisonment and 5 years of supervised release for false statement to a lending institution. (Doc. 56). Defendant has completed approximately 3 years of her term of supervised release, which began on October 28, 2023. (Doc. 70 at 2). She states that she has remained in full compliance with all terms and conditions the Court imposed, has no violations of supervision, has no new arrests or incidents, has timely and consistently reported, and has continued payment toward her restitution obligations. (Doc. 68 at 1). She has maintained employment, continued her nursing education, completed additional coursework and certifications, and obtained specialized training.

However, she contends that continued supervision presents a barrier to her full reintegration and employment.

The Court has the power to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). However, the Court may grant such relief only if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The Court must also consider whether certain section 3553 factors favor relief. *Id.* (requiring consideration of most section 3553 factors but omitting 18 U.S.C. § 3553(a)(2)(A), which relates to the need to promote respect for the law and for just punishment); *Esteras v. United States*, 606 U.S. 185, 204 (2025) (prohibiting courts from considering subsection (a)(2)(A)). In reaching its conclusions here, the Court does not consider the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, nor does the Court consider the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(3).

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, she committed an offense involving a false statement to a lending institution. Her conduct resulted in significant restitution orders: $41,664.50 to Itria Ventures and $392,563 to Customers Bank. (Doc. 70 at 2). The Government explains that Defendant still owes $369,140.65 in restitution. (*Id.* at 4). Thus, the nature

and circumstances of her offense militate against early termination of supervised release. Continued supervision will ensure that she complies with the monthly restitution payments.

Second, Defendant requests termination because she has complied with the conditions of supervised release and believes continued supervision no longer serves a meaningful rehabilitative purpose. She also says that supervision is a barrier to her full reintegration and employment, but the Government states that she is employed at Family Dollar. (Doc. 70 at 5). Probation Officer Pavliscak "advised that the defendant's supervision was not an impediment to her employment, but the more likely obstacle was the defendant's desire to be employed in the healthcare field as a convicted felon." (*Id.*). But Defendant provides no information stating that she has applied for or been rejected from nursing jobs based on her supervision alone. (*Id.*; *see also* Doc. 68).

Moreover, Defendant's compliance with supervision is expected, not exceptional. The burden of supervised release is relatively low, especially when compared to the benefit of deterring Defendant from committing a crime. While the Court commends Defendant's purportedly good behavior, it does not merit the unusual reprieve of termination of supervised release. The seriousness of Defendant's offense and the need for deterrence justify her continued supervision. On this matter, however, the Court finds that keeping

Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Edrica Watson's pro se Motion for Early Termination of Supervised Release (Doc. 68) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record